IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT – 4 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01287-ZLW

BRIAN R. SHAFER,

   Plaintiff,

v.

HECTOR A. RIOS JR., Warden,
SCOTT MEAD, Health Administrator, and
DR. POLLAND, Clinical Director,

   Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Brian Shafer has filed three documents, a "59(e) Reconsideration," filed September 14, 2005, a "Supplement Letter and Evidence," filed September 21, 2005, and a "Final Supplemental Letter and Response to National Appeal," filed September 22, 2005. For the reasons stated below, the 59(e) Reconsideration document and the Supplements will be construed together as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).

Mr. Shafer is a prisoner in the custody of the United States Bureau of Prisons at USP Florence. On June 28, 2005, Mr. Shafer submitted to the Court a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. On September 8, the Court dismissed the Complaint without prejudice pursuant to 42 U.S.C. § 1997e(a).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A post-judgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). "It is well settled that an order dismissing the action . . . is a final judgment." *Sherr v. Sierra Trading Corp.*, 492 F.2d 971, 978 (10th Cir. 1974). The Order filed on September 8 dismissed the Complaint and action pursuant to § 1997e for failure to exhaust administrative remedies. In the 59(e) Reconsideration document, Plaintiff asks the Court to reconsider the September 8, 2005, Order and Judgment of Dismissal. As stated above, Plaintiff filed the 59(e) Reconsideration document on September 14, which is within ten days of the final judgment in the instant action. *See* Fed. R. Civ. P. 6(a). Therefore, the request to reconsider properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). To the extent that Plaintiff is

2

challenging actions, in the Supplements, that took place prior to the dismissal of the instant action, the Supplements also relate back to the 59(e) Reconsideration document and properly are considered under Rule 59(e).

A motion to reconsider that reiterates issues originally raised in the complaint and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). **Van Skiver**, 952 F.2d at 1244. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988).

In the 59(e) Reconsideration document, Mr. Shafer seeks to assert new evidence, by claiming that he had an appointment on September 9, 2005, with Dr. Pelton of the North Central Regional Office, during which Dr. Pelton told him that he should be placed in a medical facility. Mr. Shafer also alleges in the September 21 Supplement that he tried to deliver an inmate request to medical staff, but medical staff would not accept the request, although Plaintiff's counselor was able to deliver the request. (Sept. 21 Supplement at 1.) Plaintiff also raises claims in both Supplements that are similar to the claims he raised in the Amended Complaint.

Nonetheless, Plaintiff concedes in the 59(e) Reconsideration document that as of September 12, the date he submitted the Reconsideration document, he had not exhausted his administrative remedies and his appeal still was pending at the central

office or national appeal level.  Plaintiff contends, however, that he diligently filed his grievance and appeals, but the BOP has been very slow in responding to his complaint. (59(e) Reconsideration at 2.)

Upon review of the grievance filings that Plaintiff has attached to the Amended Complaint, the Court finds that Plaintiff filed an Inmate Attempt at Informal Resolution of his medical issues on March 28, 2005.  On March 30, Plaintiff signed and dated a Request for Administrative Remedy regarding the medication he was being given for his seizures.  (Am. Compl. at Attachs.)  Warden H. A. Rios responded to Plaintiff's Request on May 9.  (Am. Compl. at Attachs.)  Mr. Shafer then signed and dated a Regional Administrative Remedy Appeal on May 23 that the regional director responded to on July 8.  (Am. Compl. at Attachs.)  On July 27, Plaintiff signed and dated a Central Office Administrative Remedy Appeal.  (Am. Compl. at Attachs.)

In accordance with 28 C.F.R. § 542.18, a grievance, request, or appeal is considered filed on the date it is logged into the Administrative Remedy Index as received.  Once a request is received, the warden has twenty calendar days to respond, a regional director has thirty days, and the general counsel has forty days.  Given that it is not known when Plaintiff actually sent either the grievance or the regional appeal, or when the warden received the grievance and the regional director received the appeal, the Court is not able to determine if the grievance or the appeal was responded to within the allotted time.  Nonetheless, even if the response by the warden was beyond the time frame of twenty days and the response by the regional director was beyond the

4

thirty days, § 542.18 provides for inmates to consider the absence of a timely response to be a denial at that level and allows them to appeal to the next level.

Plaintiff, however, did not abide by § 542.18 regulations. He simply filed the instant lawsuit with the Court on June 28, after he had filed a formal request and before the warden had responded. The Court also notes that although Plaintiff mentions in the 59(e) Reconsideration document that an extension of time was instituted in one case by the BOP, he does not assert if the extension was instituted in the grievance at issue in this case. Plaintiff further does not state the purpose of the extension or how such an extension delayed the consideration of his grievance.

Furthermore, there is no indication that Plaintiff's final appeal could be considered exhausted pursuant to § 542.18. Plaintiff's appeal to the central office is signed and dated July 27. Allowing three days for the mail, the earliest the central office may have received the appeal is July 30. Without giving consideration for Saturday and Sunday, the forty-day allotment for a reply would run through September 8, the date the Court dismissed the instant action.

The Court further notes that, in the September 22 Supplement, Plaintiff attached a copy of a reply from the central office. The reply is dated September 13. Plaintiff now has exhausted his administrative remedies. Plaintiff, however, is required to exhaust his administrative remedies prior to filing a lawsuit. *See* § 1997e(a). At the time Plaintiff filed the instant action and until the time the Complaint and action were dismissed, September 8, 2005, his remedies were not exhausted.

The Court finds that Plaintiff fails to present any new evidence that would justify granting the Motion to Reconsider.  Furthermore, the Complaint and action were dismissed without prejudice.  Since Plaintiff has received a reply to his central office appeal, he now may file a new action and plead exhaustion.  The Motion will be denied.  Accordingly, it is

ORDERED that Plaintiff's 59(e) Reconsideration, filed September 14, 2005, his Supplement Letter and Evidence, filed September 21, 2005, and his Final Supplemental Letter and Response to National Appeal, filed September 22, 2005, are construed together as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e).  It is

FURTHER ORDER that the Motion to Reconsider is denied.

DATED at Denver, Colorado, this _3_ day of ___Oct.___, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01287-OES

Brian R. Shafer
Reg. No. 92623-011
USP-Florence
P.O. Box 7000
Florence, CO 81226

       I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _10/4/05_

GREGORY C. LANGHAM, CLERK

By:_____
         Deputy Clerk